10-956-ag
Jean-Jacques v. Holder

BIA
A072 030 782

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand eleven.

PRESENT:

JON O. NEWMAN,
REENA RAGGI,
DENNY CHIN,
    *Circuit Judges*.

_____

CLAUDETTE JEAN-JACQUES,
        *Petitioner*,

        v.                                          10-956-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Glenn L. Formica, Formica, PC, New Haven, Connecticut.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Imran R. Zaidi, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Claudette Jean-Jacques, a native and citizen of Haiti, seeks review of a February 18, 2010, decision of the BIA denying her motion to reopen her removal proceedings. *In re Claudette Jean-Jacques*, No. A072 030 782 (B.I.A. Feb. 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

In denying her motion to reopen, the BIA concluded that Jean-Jacques failed to satisfy her "heavy burden" because the new evidence she submitted in support of her motion did not explain why Jean-Jacques would be persecuted given that she "left Haiti more than 18 years ago" and had "not shown that

-2-

any individual or group in Haiti [had] a current interest in persecuting her on account of a protected ground." *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (observing that reopening merited only where alien has demonstrated a likelihood that the new evidence would alter the outcome).

On appeal, Jean-Jacques asserts that her new evidence demonstrated changed country conditions and, if presented to the IJ, would have altered the result in her case. To the contrary, the evidence Jean-Jacques submitted indicated that the Lavalas Party had been barred from elections since 2000, and described the 2009 election boycott ordered by Lavalas leaders as "non-violent." Indeed, the evidence that Jean-Jacques submitted contained no indication that violence against current Lavalas Party members had increased in any way, much less against members who, like Jean-Jacques, left Haiti more than 18 years ago. Moreover, the BIA did not abuse its discretion by declining to consider articles that did not mention the Lavalas Party or the treatment of its members at the hands of the Haitian government. *See id.*

Because the evidence Jean-Jacques submitted in support of her motion did not indicate that she would be subject to

persecution or torture, she failed to demonstrate that the new evidence would produce a different result in her case. *See id.; see also Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006). Thus, the BIA did not abuse its discretion in denying her motion to reopen. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-